William G. Pope, ISB No. 6336
Jaime L. Matier, ISB No. 10051
PERKINS, MITCHELL, POPE & MCALLISTER LLP
Capitol Park Plaza
300 North 6th Street, Suite 200
P. O. Box 519
Boise, Idaho 83701
Telephone: (208) 345-8600
Facsimile: (208) 345-8660
Email: service@perkinsmitchell.com

Attorneys for Grange Insurance Association

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GRANGE INSURANCE ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>DEAN AND LAURA LAUTENSCHLAGER,<br><br>Defendants. | Case No. 3:19-CV-153<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Comes now Grange Insurance Association, by and through its counsel of record, Perkins, Mitchell, Pope & McAllister LLP, and complains and alleges as follows:

### I.     Parties, Jurisdiction, and Venue

1.     Grange Insurance Association ("Grange") is a Washington Insurance Company duly authorized by the Idaho Department of Insurance to conduct business in the State of Idaho.

2.     Defendants Dean and Laura Lautenschlager were at all relevant times residents of the State of Idaho, County of Nez Perce.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

3. This Court has jurisdiction of this claim under, and by virtue of 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

4. This Court also has jurisdiction of this claim and is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 implemented through Rule 57 of the Federal Rules of Civil Procedure.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) since the Defendant resides in and a substantial part of the events or omissions giving rise to the claim alleged herein occurred in this judicial district.

## II. Statement of Facts

6. Grange issued Dean and Laura Lautenschlager an Idaho Personal Auto Policy of Insurance, No. 5104440083296, effective December 20, 2016 through December 20, 2017 ("Policy"). The limits of liability under the Policy's bodily injury and underinsured motorist coverages are each $500,000. A true and correct copy of the Policy is attached hereto as Exhibit A and incorporated herein as if set forth in full.

7. The Policy shows the Lautenschlager's address to be 1605 25th Ave., Lewiston, Idaho 83501.

8. The Policy was purchased through American Insurance Agency, 55 Southway Ave., Lewiston, Idaho 83501.

9. The Policy includes an Amendment of Policy Provisions – Idaho.

10. The Policy includes an endorsement entitled Property Damage Uninsured Motorists Coverage – Idaho.

11. The Policy includes an endorsement entitled Underinsured Motorists Coverage – Idaho.

12. The facts and allegations in this Complaint stem from Claim No. 510444008329650 made under the Policy.

13. Defendants own a motorcycle that is garaged and driven in Arizona.

14. On February 23, 2017, Dean Lautenschlager drove the motorcycle in Fort McDowell, Arizona.

15. On February 23, 2017, Laura Lautenschlager rode on the motorcycle as a passenger.

16. While driving the motorcycle on February 23, 2017, Dean Lautenschlager laid the motorcycle down to avoid a collision.

17. Defendants sustained injuries during the February 23, 2017 incident.

18. The motorcycle owned by Defendants is not a covered vehicle under the Policy.

19. It is believed that the motorcycle is a covered vehicle under a policy of auto insurance purchased from Progressive Casualty Insurance Company.

## COUNT ONE – DECLARATORY RELIEF

20. Paragraphs 1-19 are incorporated by reference as if set forth in full.

21. Laura Lautenschlager has demanded payment under the Policy's underinsured motorist bodily injury coverage pursuant to Claim No. 510444008329650.

22. The Policy does "not provide Underinsured Motorist Coverage for 'bodily injury' sustained" "[b]y an 'insured' while 'occupying', or when struck by, any motor vehicle owned by that 'insured' which is not insured for this coverage under this policy."

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

23. The Policy does "not provide Medical Payments Coverage for any 'insured' for 'bodily injury' "[s]ustained while 'occupying' any motorized vehicle having fewer than four wheels."

24. The Policy defines "occupying" as "In;" "Upon"; or "Getting in, on, out or off."

25. Grange is not obligated under the terms of the Policy to provide underinsured motorist bodily injury coverage with respect to Claim No. 510444008329650 because at the time of the subject incident, Laura Lautenschlager was occupying a vehicle owned by her that was not insured for coverage under the Policy.

26. Grange is not obligated under the terms of the Policy to provide Medical Payments Coverage with respect to Claim No. 510444008329650 because at the time of the subject incident, Laura Lautenschlager was occupying a motorized vehicle having fewer than four wheels.

27. Pursuant to 28 U.S.C. § 2201, Grange Insurance Association is entitled to a determination by the Court that there is no coverage under the Policy for the claims presented pursuant to Claim No. 510444008329650.

## COUNT TWO – DECLARATORY RELIEF

28. Paragraphs 1-27 are incorporated by reference as if set forth in full.

29. Defendant Dean Lautenschlager is represented by counsel.

30. On February 21, 2019 Defendant Dean Lautenschlager's counsel wrote a letter to Grange that stated, "This letter is to serve as notice of our potential underinsured/uninsured motorist claim."

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

31. The Policy does "not provide Underinsured Motorist Coverage for 'bodily injury' sustained" "[b]y an 'insured' while 'occupying', or when struck by, any motor vehicle owned by that 'insured' which is not insured for this coverage under this policy."

32. The Policy does "not provide Medical Payments Coverage for any 'insured' for 'bodily injury' "[s]ustained while 'occupying' any motorized vehicle having fewer than four wheels."

33. The Policy defines "occupying" as "In;" "Upon"; or "Getting in, on, out or off."

34. Grange is not obligated under the terms of the Policy to provide underinsured motorist bodily injury coverage with respect to Claim No. 510444008329650 because at the time of the subject incident, Dean Lautenschlager was occupying a vehicle owned by him that was not insured for coverage under the Policy.

35. Grange is not obligated under the terms of the Policy to provide underinsured motorist bodily injury coverage with respect to Claim No. 510444008329650 because at the time of the subject incident, Dean Lautenschlager was occupying a motorized vehicle having fewer than four wheels.

### III.   Prayer for Relief

Wherefore, Grange requests the following relief:

1. A declaration by reason of the terms and conditions of the Policy and of the facts herein alleged that coverage is not afforded by the Policy with respect to Claim No. 510444008329650, and a declaration that Grange has no duty to pay Dean and Laura Lautenschlager's claim(s) arising under Claim No. 510444008329650, and further requests that Grange receive an award of costs as is equitable and just.

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

2. Such other and further relief as this Court deems just and equitable.

### IV. Jury Demand

Grange demands a jury as to all issues.

DATED this  26th  day of April, 2019.

                                PERKINS, MITCHELL, POPE & MCALLISTER LLP

                                By:/s/William G. Pope
                                    William G. Pope, of the Firm
                                    Attorneys for Plaintiff