IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GRANGE INSURANCE ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>DEAN and LAURA LAUTENSCHLAGER,<br><br>Defendants. | 3:19–cv–153–DWM<br><br>ORDER |

This case presents the question of when a coverage claim by an excess insurer is ripe for review under the Declaratory Judgment Act. Ultimately, this action is not yet ripe and is therefore dismissed without prejudice.

### BACKGROUND

On February 23, 2017, Defendant Laura Lautenschlager was riding as a passenger on Defendant Dean Lautenschlager's 2006 Harley Davidson motorcycle when the motorcycle was involved in a collision with a Chevrolet minivan. The motorcycle was insured in Dean's name with Progressive for liability coverage in the amount of $500,000.00 and underinsured motorist coverage in the amount of $500,000.00. (Doc. 10-2 at ¶¶ 7–12; Doc. 10-4.) Laura was injured in the accident, (*id.* at ¶ 3), and sued Dean and the other driver, (*see* Doc. 10-2 at ¶¶ 4–12). She settled with the van driver's insurer for policy limits of $15,000, (*id.*

1

at ¶ 6), but her case against Dean (i.e., Progressive) is still pending in Arizona, (Doc. 10-2 at ¶¶ 8, 12).

In addition to the Progressive policy, Laura and Dean held insurance policies with Safeco Insurance Company and the plaintiff, Grange Insurance Association. The Grange policy provided underinsured motorist coverage for four vehicles—not including the motorcycle—in the amount of $500,000.00. (*See* Doc. 14-1.) The Safeco policy provided underinsured motorist coverage for an additional two vehicles—also not the motorcycle—with the same amount of coverage as the Grange policy. (*See* Doc. 10-5.) On February 13, 2019, Laura opened a claim with Grange advising she "may possibly have an underinsured/ uninsured claim in the future."[1] (Doc. 10-6.) On February 19, 2019, Grange denied coverage for underinsured motorist benefits on the basis that the Grange policy excludes injuries based on "any motor vehicle owned by that 'insured' which is not insured for this coverage under the policy." (*See* Doc. 11-2.) On February 23, 2019, Grange sent an additional letter denying medical payments coverage based on a policy exclusion for injuries sustained "while 'occupying' any motorized vehicle having fewer than four wheels." (Doc. 11-4 at 3.) On March 20, 2019, Laura responded, insisting that Grange's denial of underinsured coverage

---

[1] The Grange policy in fact requires prompt notice. (*See* Doc. 14-1 at 39.)

2

was not consistent with Arizona law.[2] (Doc. 10-8.) Grange then filed this case. (Doc. 1.)

Laura seeks dismissal of this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that it is not ripe because Grange has "failed to establish that there is a substantial, reasonable or practical likelihood that the dispute will trigger the excess policy." (Doc. 10-1 (internal quotation marks omitted).) Dean joins the motion. (Doc. 11.)

## ANALYSIS

Pursuant to the Declaratory Judgment Act, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). For an "actual controversy" to exist, a case must be ripe for review under Article III of the United States Constitution. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). "A claim is not ripe for judicial resolution 'if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Courts therefore consider both constitutional and prudential issues in assessing

---

[2] Laura and Dean concede, however, that there is no medical payments coverage under the terms of the Grange policy. (*See* Doc. 10-3.)

3

whether a claim is ripe. *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993). "The constitutional component focuses on whether there is sufficient injury, and thus is closely tied to the standing requirement; the prudential component, on the other hand, focuses on whether there is an adequate record upon which to base effective review." *Id.* at 902–03 (internal citation omitted). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001).

"Actions for declaratory judgment in the insurance context frequently involve contingencies—such as whether the insured will be found liable in the underlying tort action or the size of the potential damage award." *Seattle Times Co. v. Nat'l Surety Corp.*, 2016 WL 3033498, at *3 (W.D. Wash. May 27, 2016). "Courts nevertheless exercise their discretion to hear such disputes given the concreteness of the issues raised and the unequivocal nature of the dispute between the parties." *Id.*; *see also Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992) ("[L]itigation over insurance coverage has become the paradigm for asserting jurisdiction despite future contingencies that will determine whether a controversy ever actually becomes real.") (internal quotation marks omitted). Thus, courts have identified two competing interests relevant to a ripeness determination in the insurance context, "namely (1) the Declaratory

Judgment Act's purpose of enabling the early and comprehensive resolution of disputes and (2) considerations of judicial economy and restraint." *Seattle Times Co.*, at *3. "Liability typically attaches under excess policies only after the primary coverage is exhausted." *Id.* at *2 (internal quotation marks omitted). "Although there is no hard and fast rule, courts generally find that a claim against an excess insurer is ripe for adjudication if there is a substantial, reasonable, and/or practical likelihood that the dispute will trigger the excess policies." *Fed. Deposit Ins. Co. v. Arch Ins. Co.*, 2017 WL 5461360, at *3 (W.D. Wash. Nov. 13, 2017) (collecting cases).

Here, it is undisputed that the primary policy issued by Progressive has not yet been exhausted. The dispositive question then is "whether the likelihood that the excess polic[y] will be triggered is sufficient to confer jurisdiction with respect to the request for a coverage declaration." *Id.* at *4. That standard is not met here. According to Laura, it is possible that she may not exhaust the Progressive coverage of $500,000, (*see* Doc. 10-3), and nothing in the present record indicates the value of Laura's injuries. This is unlike the situation in both *Century Indemnity Company v. Marine Group, LLC*, 848 F. Supp. 2d 1229, 1235–37 (D. Or. 2012), and *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177–78 (2d Cir. 2001), where the magnitude of the potential claims was known. While injuries sustained in a motorcycle accident could easily exceed the $500,000 Progressive

policy, the complete dearth of information regarding Laura's injuries make it impossible to determine whether that is likely here. The fact that Laura provided Grange with notice of a potential claim is insufficient, by itself, to satisfy the ripeness standard.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that the defendants' motions to dismiss (Docs. 10, 11) are GRANTED. This action is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to enter judgment consistent with this Order and close the case file.

DATED this 11th day of October, 2019.

11:15 A.M.

Donald W. Molloy, District Judge
United States District Court